UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER SURLES** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 4:23-CV-01085 |
| **BAYBROOK MALL SERIES, LLC** | § § § | |
| *Defendant.* | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Jennifer Surles (hereinafter "Plaintiff") complains of Defendants Baybrook Mall, LLC (hereinafter, "Defendant Baybrook") and Brookfield Properties Retail, Inc. (hereinafter, "Defendant Brookfield") and would respectfully show the Court that:

### Jurisdiction and Venue

1. This Court has Jurisdiction over this action pursuant to 28 U.S.C. $1331(a) because Plaintiff and Defendant(s) are resident citizens of different U.S. States and the amount in controversy exceeds $75,000.00.

### Parties

2. Plaintiff is an individual residing in Walker County, Texas.

3. Defendant Baybrook Mall, LLC is a Delaware corporation engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Brookfield Properties Retail Inc. is a Delaware corporation engaged in business in Harris County, Texas. Defendant Brookfield may be served by and through its registered agent,

Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## Facts

5. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about December 17, 2022. At that time, Plaintiff was an invitee at Defendant's shopping center at 500 Baybrook Mall, Friendswood, Texas 77546, which is managed by Defendant Brookfield. Plaintiff was walking through the mall's common area near Dillard's when she slipped and fell on an unknown substance. The slip and fall caused Plaintiff to suffer severe injuries to her back and other parts of her body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

## CAUSES OF ACTION

## COUNT I:

## (Premises Liability)

6. At the time of the incident in question, Plaintiff was an invitee of the Defendants. Defendants knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

7. Plaintiff would show that, based on the above-described facts, Defendants were negligent. Defendant Baybrook, as occupier and owner of the premises, and Defendant Brookfield with

control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendants' premises.

8. Defendants are liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

9. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

10. Defendants were also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## **Damages**

11. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

12. By virtue of the actions and conduct of Defendants as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past lost wages and future loss of earning capacity.

13. By reason of the above, Plaintiff is entitled to recover damages from Defendants in an amount within the jurisdictional limits of this Court, as well as pre- and post-judgment interest.

## Jury Demand

14. Plaintiff hereby demands a jury trial.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ James Ramsey*
**James Ramsey**
Texas State Bar No. 24095859
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, and that this instrument is therefore available for viewing and downloading from the Court's ECF system.

I further certify that on June 30, 2023, pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, I served a copy of the above and foregoing certificate on defendant's attorneys of record by e-mail.

***Via* CM/ECF:**
**Via Email: garett.willig@wilsonelser.com and eric.gruetzner@wilsonelser.com**
Garett A. Willig
Eric Gruetzner
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780

**ATTORNEYS FOR DEFENDANT**

*/s/ James E. Ramsey*
**James E. Ramsey**